Robert K. BALLARD, Jr., Plaintiff-Appellant,

v.

MARINE COOKS AND STEWARDS UNION, Defendant-Appellee.

No. 24701.

United States Court of Appeals, Ninth Circuit.

May 21, 1971.

Robert K. Ballard, Jr., in pro. per.

Jay A. Darwin (argued), John Riordan, of Darwin & Riordan, San Francisco, Cal., for defendant-appellee.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

Before BROWNING and CARTER, Circuit Judges, and GRAY, District Judge.*

PER CURIAM:

The appellant filed a complaint below seeking an injunction restraining the appellee Union from proceeding to try appellant on May 2, 1969 on charges filed against him by the Union; from refusing to quash the charges against appellant; from refusing to publish certain matters in the Union's newspaper; and from refusing to post notices in the Union hall. The district judge denied a temporary injunction but issued an order to show cause and held an extensive hearing on May 8, 1969. He denied the application for a temporary restraining order. Appellant appealed but has not supplied, as part of the record, the reporter's transcript of May 8, 1969.

We affirm. Appellant did not exhaust his administrative remedies within the Union. His contentions concerning the appropriateness of collective bargaining units, upon which he addressed himself almost exclusively at the oral argument, is a matter within the exclusive jurisdiction of the National Labor Relations Board. The case was moot at the time of the district court's decision. There was no abuse of the district court's discretion. The judgment is affirmed.

By this disposition of course we do not imply approval of the provisions of the Union's constitution underlying the charges against appellant. On their face these provisions conflict with the statutory mandate that "[e]very member of any labor organization shall have the right to meet and assemble freely with other members; and to express any views, arguments, or opinions." There is substantial question whether these constitutional provisions qualify under

the statutory exemption of "reasonable rules as to the responsibility of every member toward the organization as an institution." 29 U.S.C. § 411(a) (2).